IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MORGAN BRUNSTROM, a single man, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| PINNACLE CREDIT SERVICES, LLC, a Minnesota limited liability company and TODD STRIKER and JANE DOE STRIKER (if any) and band and wife and the marital community composed thereof, | ) |
| Defendants. | ) |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C.§ 1331 and 15 U.S.C. §1692k(d).

2. This action arises out of the Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter the "FDCPA").

## VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

COMPLAINT 1/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

5. The Plaintiff resides in this Judicial District.

6. The Defendants transact business in this Judicial District.

## PARTIES

7. Plaintiff Morgan Brunstrom ("Brunstrom") is a natural person.

8. The Plaintiff resides in the City of Bellingham, County of Whatcom, State of Washington.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is "any person" as that term is used in 15 U.S.C § 1692d preface.

11. Defendant Pinnacle Credit Services, LLC ("Pinnacle") is a Minnesota limited liability company operating from the address, 7900 HWY 7, St. Louis Park, MN 55426.

12. Pinnacle does not have a registered agent in Washington State.

13. Defendant Todd Striker ("Striker") is the manager of Pinnacle and operates from the address, 7900 HWY 7, St. Louis Park, MN 55426.

14. Striker is an attorney and a member of the Washington, D.C. bar.

15. Pinnacle is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

COMPLAINT 2/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

16. Striker is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. The principal purpose of both Defendants is the collection of debts using the mails and telephone.

18. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

### FACTUAL ALLEGATIONS

20. On May 3, 2005, Brunstrom entered into a contract with Verizon to purchase a cellphone and cellphone service ("Cellphone"). A true and correct copy of the contract is attached as Exhibit "A."

21. The Cellphone was primarily for Brunstrom's personal, family and household use.

22. When he purchased the Cellphone, he was assured and assumed that he would be able consistently to make and receive telephone calls in Western Washington.

23. The Cellphone did not work as represented. The

COMPLAINT 3/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

service in Western Washington was inconsistent. Brunstrom did not receive telephone calls consistently. Brunstrom could not make telephone calls consistently.

24. Brunstrom contacted Verizon through its storefronts at Bellingham Costco, Bellingham Circuit City and Bellis Fair Mall in Bellingham. He repeatedly contacted Verizon customer service. During each contract he brought the inconsistent service to the attention of each.

25 In spite of his contacts, the cellphone service never improved.

26. In spite of the inconsistent service, he paid Verizon the May, June, and July 2005 cellphone bills.

27. He finally went to the Verizon storefront at Circuit City, returned the telephone, and told the clerk that he was canceling the contract because Verizon breached its contract with him because of the inconsistent service.

28. The clerk informed him that even through the service was inconsistent and not as represented, Verizon was going to charge him a cancellation fee.

29. Brunstrom waited for the August 2005 bill. He paid for the service, but refused to pay the cancellation fee. Attached as Exhibit "B" is a true and correct copy of the letter, bill and check marked "payment in full" that he sent to Verizon ("Letter").

COMPLAINT 4/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

30. Verizon received the letter and cashed the $52.92 check.

31. Verizon, in spite of its breach of its contract with Brunstrom and its accepting and cashing his payment-in-full check, dunned him through letters and telephone calls for payment of the cancellation fee.

32. Brunstrom refused to pay the cancellation fee and repeatedly brought the Letter and Verizon's breach of contract to its attention.

33. The Verizon debt constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) ("Account"), for it was primarily for Brunstrom's personal, family and household use.

34. According to Verizon, the account was in default.

35. At some point after the alleged default, but before or during early 2008, Verizon sold the Account to Pinnacle.

36. After the Account went into default, the Account was placed or otherwise transferred to the Defendants for collection.

37. Pinnacle is in the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

38. Pinnacle then collects the accounts or hires other entities to collect the accounts.

39. Pinnacle claims to have purchased the Account.

COMPLAINT 5/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

40. On information and belief, Pinnacle paid less than ten cents on the dollar for the Account.

41. The Account was placed or otherwise transferred to Pinnacle for collection.

42. The Plaintiff disputes the Account.

43. The Plaintiff requests that Pinnacle cease all further communication on the Account.

44. Pinnacle, its agents, collectors, employees and independent contractors acted at all times mentioned herein at the behest and under the direction and control of its manager, Striker.

45. Pinnacle's collector(s) were employee(s) of the Pinnacle at all times mentioned herein.

46. Pinnacle acted at all times mentioned herein through its employee(s).

47. American Agencies contacted Brunstrom on behalf of Pinnacle with a letter dated March 13, 2008 about the account. The letter and Brunstrom's reply are attached as Exhibit "C."

48. At about the same time, Pinnacle reported the account to three credit reporting agencies: Equifax, Experian and TransUnion.

## EXPERIAN

49. Pinnacle continued to contact Brunstrom about the

COMPLAINT 6/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

Account. His response to each contact, whether written or by telephone, was that he did not owe the debt.

50. Prior to and during November and December 2010 and January 2011, Pinnacle was aware that Brunstrom disputed the Account.

51. Prior to and during November and December 2010 and January 2011, Brunstrom disputed the Account with Pinnacle.

52. Prior to and during November and December 2010 and January 2011, Pinnacle was informed that the Account was disputed.

53. Prior to and during November and December 2010 and January 2011, Pinnacle communicated information regarding the Account to Experian, a credit reporting agency.

54. Prior to and during November and December 2010 and January 2011, Pinnacle communicated to Experian that the balance on the Account was: $229.

55. Prior to and during November and December 2010 and January 2011, Pinnacle communicated to Experian that the Original Creditor on the Account was Verizon.

56. On or before November 2010 and during December 2010 and January 2011, Pinnacle failed to communicate to Experian that the Account was disputed.

57. On or before November 2010 and during December 2010 and January 2011, Pinnacle did not communicate to Experian

COMPLAINT 7/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

that the Account was disputed.

58.   Pinnacle's purpose for communicating the information on the Account to Experian was to attempt to collect the Account.

59.   The information communicated to Experian by Pinnacle prior to and during November and December 2010 and January 2011 on the Account conveyed information regarding the Account directly or indirectly to Experian.

60.   The information communicated to Experian by Pinnacle prior to and during November and December 2010 and January 2011 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

61.   The only reason that Pinnacle communicated the information regarding the Account prior to and during November, and December 2010 and January 2011 to Experian was to attempt to collect the Account.

62.   Upon information and belief, during 2010 and 2011, Pinnacle regularly reported information to Experian on account(s) that it was attempting to collect.

63.   Upon information and belief, during 2010 and 2011, Pinnacle regularly reported information to Experian on account(s) that it was attempting to collect from individuals residing in the state of Washington.

EQUIFAX

COMPLAINT 8/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

64. Plaintiff incorporates paragraphs 49 through 63 herein by this reference as if fully set out herein.

65. The allegations contained in them are the same for Equifax.

## TRANSUNION

66. Plaintiff incorporates paragraphs 49 through 63 herein by this reference as if fully set out herein.

67. The allegations contained in them are the same for TransUnion.

68. During the time that Pinnacle attempted to collect the debt, Pinnacle and/or representative(s), employee(s) and/or agent(s) of Pinnacle's attempting to collect the Account, had telephone conversation(s) with the Plaintiff regarding the Account.

69. During the time that Pinnacle attempted to collect the account, there were telephone call(s)/conversation(s) between the Plaintiff and Pinnacle and/or representative(s), employee(s) and/or agent(s) of Pinnacle during which each individual conveyed information regarding the Account directly or indirectly to the Plaintiff.

70. The telephone call(s)/conversation(s) between the Plaintiff and Pinnacle and/or representative(s), employee(s) and/or agent(s) of the Pinnacle during the time Pinnacle was attempting to collect the account each individually consti-

COMPLAINT 9/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

tuted a "communication" as defined by FDCPA § 1692a(2).

71. The telephone call(s)/conversation(s) between the Plaintiff and Pinnacle and/or representative(s), employee(s) and/or agent(s) of Pinnacle each conveyed information regarding the Account directly or indirectly to the Plaintiff.

72. On information and belief, Pinnacle made audio recording(s) of some of its telephone call(s)/conversation(s) with the Plaintiff prior to the filing of the instant action.

73. On information and belief, Pinnacle has a copy and/or copies of the audio recording(s) of its telephone call(s)/conversation(s) with Plaintiff.

74. On information and belief, Pinnacle made audio recording(s) of all of its telephone call(s)/conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

75. On information and belief, Pinnacle has a copy and/or copies of the audio recording(s) of all of its telephone call(s)/conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

76. On information and belief, Pinnacle's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

77. On information and belief, Pinnacle has electronic

COMPLAINT 10/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and TransUnion on the Account.

78. On information and belief, Pinnacle has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax and TransUnion on the Account prior to and during November and December 2010 and January 2011.

79. On information and belief, Pinnacle has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax, and TransUnion on the Account prior to and during November and December 2010 and January 2011.

80. On information and belief, Pinnacle has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian, Equifax, and TransUnion on the Account after prior to and during November and December 2010 and January 2011.

81. Pinnacle's action(s constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

82. Pinnacle's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

COMPLAINT 11/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

83. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in his favor." *Ellis v. Cohen & Slamowitz, LLP* 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

84. As a consequence of Pinnacle's action(s), the Plaintiff seeks damages pursuant to FDCPA § 1692k.

### COUNT I, FDCPA VIOLATION

85. The previous paragraphs are incorporated in this Count as if set forth in full.

86. The act(s) and omission(s) of Pinnacle and Striker constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

87. Pursuant to FDCPA § 1692k, the Plaintiff is entitled to damages, reasonable attorney's fees and costs.

### JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend.7., Fed. R. Civ. Pro.38.

### PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that Pinnacle and Striker violated the FDCPA and/or an admission from Pinnacle and Striker that they violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

COMPLAINT 12/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

3.   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Such other and further relief as the Court deems just and proper.

DATED this 30th day of November 2011.

James Sturdevant WSBA #8016
Attorney for Plaintiff

COMPLAINT 13/13

JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #920
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org